**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| JAEL FRAISE | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:08cv1390-HSO-JMR |
| HOLLY KRANTZ, CHARLES ESQUE, and THOMAS CLARK | DEFENDANTS |

## REPORT AND RECOMMENDATIONS:

BEFORE THE COURT is Plaintiff's Motion [24-1] for Default Judgment and Defendant Thomas Clark's ("Clark") Motion [28-1] to Set Aside Clerk's Entry of Default, in the above styled action. Plaintiff filed a Response [30-1] in Opposition to Clark's Motion to Set Aside on September 3, 2009. Thereafter, Clark filed his Rebuttal [31-1] in Support on September 4, 2009. After considering the Motions and all pleadings of the record, in conjunction with the applicable law, the Court recommends that Plaintiff's Motion [24-1] for Default Judgment be denied. The Court further recommends that Defendant Clark's Motion [28-1] be granted and the clerk's entry of default set aside.

Plaintiff filed the instant action on November 7, 2008, seeking the return of certain items that were confiscated by the Picayune Police Department in the investigation and ultimate conviction of Plaintiff for the crime of armed robbery. (*See* Pl.'s Compl.) Clark was served with process on March 30, 2009, and his Answer to the Complaint was due on April 20, 2009.[1] (*See* Returned [17-1] Summons.) The Clerk of this Court entered default against Clark on May 26, 2009, for failure to appear, plead or otherwise defend the instant action. (*See* Default [23-1] Entry.) Plaintiff then filed

---

[1]As of this date, Defendants Holly Krantz and Charles Esque have not been served with a copy of the Complaint. (*See* Returned [18-1] Summonses.)

the present Motion [24-1] for Default Judgment on June 5, 2009.

On August 17, 2009, Clark's attorney entered an appearance and filed the present Motion [28-1] to Set Aside Clerk's Entry of Default. (*See* Notice [27-1] Appearance.) Clark's Motion is accompanied by a Memorandum [29-1] in Support thereof. Clark asserts his inaction in the instant cause was not willful but an oversight on his part, and he claims his intent was not to ignore the defense of this matter. Clark claims he now stands ready to defend this action, and asserts the items which Plaintiff seeks to recover were used in the commission and/or conviction of the crime of armed robbery: a due rag, knitted wool gloves, approximately $260.00, a photograph of Plaintiff, and Plaintiff's phone records. Clark notes that the $260.00 was returned to the victim of the armed robbery and that the rest of the items remain in the custody of the Circuit Clerk of Pearl River County. Further, Clark claims he has several meritorious defenses to this matter, including but not limited to waiver, collateral estoppel, res judicata, and qualified immunity. Finally, Clark asserts that setting aside the clerk's default would not prejudice Plaintiff because there would be no increase of difficulty in discovery, no increase in opportunities for fraud or collusion, and no risk of loss of evidence.

In response, Plaintiff claims that Clark's failure to answer was willful and untimely, almost five months after being served. (*See* Pl.'s Resp. [30-1].) Plaintiff also asserts that Clark has failed to demonstrate any meritorious defense and that returning Plaintiff's property pursuant to the default judgment would be the same outcome if the instant action were to be fully litigated. *Id*.

Pursuant to FED. R. CIV. P. 55(c), a court may set aside an entry of default upon a showing of good cause. In making this determination, a court considers: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

The Court finds that good cause exists in this case for setting aside the clerk's entry of default and denying Plaintiff's Motion for Default Judgment, particularly since a meritorious defense may exist in this case. According to MISS. CODE ANN. § 9-13-27, the circuit clerk is the custodian of all exhibits in a case until final determination of the trial, including appeal, or until the time has expired in which an appeal to the supreme court may be perfected. *See Holmes v. State*, 475 So.2d 434 (Miss. 1985). Plaintiff admits that an appeal and/or further criminal proceedings are pending in which the evidence he seeks may still be used. (*See* Pl.'s Compl. 2.) Furthermore, the Court does not find that Clark willfully refused to respond to Plaintiff's Complaint. Clark admittedly made an oversight in failing to answer, but there is nothing in the record to indicate Clark's failure to respond was willful. Also, the Court fails to see how Plaintiff is prejudiced by setting aside the clerk's entry of default or by Clark's delay in defending this action. The Fifth Circuit has held that there is no prejudice to a plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). In the case *sub judice*, there is no proof of any loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion. *See Id*. Accordingly, the Court finds that the only harm to Plaintiff is the requirement that he now prove his case.

Therefore, the Court recommends that Plaintiff's Motion [24-1] for Default Judgment be denied. The Court further recommends that Clark's Motion [28-1] to Set Aside Default be granted and the Clerk's Entry of Default be set aside and Defendant Thomas Clark be given thirty (30) days in which to plead or otherwise defend this action pursuant to the Federal Rules of Civil Procedure.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with

a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   13th   day of October, 2009.

                                                 s/ John M. Roper, Sr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE