IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JAEL FRAISE** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO.: 1:08cv1390-HSO-JMR** |
| **HOLLY KRANTZ, CHARLES ESQUE,** and **THOMAS CLARK** | **DEFENDANTS** |

## **REPORT & RECOMMENDATION**:

This matter is before the Court pursuant to a voluntary Motion [25-1] to Dismiss Complaint as to Holly Krantz and Charles Esque filed by the Plaintiff, Jael Fraise. To date, the defendants have not filed a Response in Opposition. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that Plaintiff's Motion [25-1] to Dismiss be granted, and Defendants Holly Krantz and Charles Esque be dismissed from this action without prejudice.

Plaintiff filed this *pro se* § 1983 action against Defendants Holly Krantz, Charles Esque, and Thomas Clark on November 7, 2008, alleging that he suffered violations of his constitutional rights while being detained as a pretrial detainee at the Pearl River County Jail. Summonses were issued as to Defendants Krantz, Esque, and Clark on January 21, 2009. (*See* Summonses [12-1].) Defendant Clark was served with a copy of the Complaint on March 30, 2009. (*See* Returned Summons [17-1].) However, Defendants Krantz and Esque were unable to be located to be served and presently remain unserved. (*See* Returned Summonses [18-1].) On June 5, 2009, Plaintiff filed for a default judgment against Defendant Clark, and "request[ed] that the Court dismiss the complaint as to Holly Krantz and Charles Esque..." (*See* Pl.'s Mot. [25-1] Dismiss.)

Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions at a plaintiff's request. Rule 41(a)(2) provides, in part,

> an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2). The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (3d d. 2008). Voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

No defendant has opposed Plaintiff's motion and the Court can conceive of no prejudice to either Defendant Krantz or Esque other than facing the possibility of a second lawsuit. Therefore, the Court recommends that Plaintiff's voluntary Motion [25-1] to Dismiss Defendants Holly Krantz and Charles Esque be granted, and Plaintiff's claims against Holly Krantz and Charles Esque be dismissed without prejudice.[1]

In accordance with the Rules of this Court, any party, within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

---

[1] Although Plaintiff has filed the present request as a motion to dismiss, the Court notes that the instant action is not a class action, a derivative suit, relating to an unincorporated association or involving a federal equity receiver, and therefore, since neither Defendant Krantz nor Esque has entered an appearance, Plaintiff is entitled to have this action dismissed as to them by simply filing a notice of dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

**SO ORDERED** this the ___15th___ day of January, 2010.

_____*s/ John M. Roper, Sr.*_____
CHIEF UNITED STATES MAGISTRATE JUDGE