**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAEL FRAISE**                                                                                   **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO.: 1:08cv1390-HSO-JMR**

**THOMAS CLARK**                                                                      **DEFENDANT**
_____

**REPORT & RECOMMENDATION**:

This matter is before the Court pursuant to a Motion [47-1] for Summary Judgment filed by Defendant Thomas Clark and a Motion [56-1] to Withdraw filed by the Plaintiff, Jail Fraise. Accompanying Defendant Clark's motion is a Memorandum [48-1] in Support thereof. Instead of filing a Response in Opposition to Defendant Clark's motion, Plaintiff filed his Motion [56-1] to Withdraw the case. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that Defendant Clark's Motion [47-1] for Summary Judgment and Plaintiff's voluntary Motion [56-1] to Withdraw should be granted. Accordingly, Plaintiff's Complaint in the above-captioned action should be dismissed with prejudice to the claims being reasserted until such time as the *Heck* conditions are met. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994).

**STATEMENT OF THE CASE**

Plaintiff, Jael Fraise, ("Fraise") filed this *pro se* lawsuit pursuant to 42. U.S.C. § 1983 on November 7, 2008 for the alleged violation of his constitutional rights stemming from the search of his apartment on or about September 26, 2006. (*See* Pl.'s Compl. [1-1].) Items seized from the search of Fraise's apartment were used as evidence in his criminal trial in which he was convicted on July 13, 2007 of armed robbery and possession of a firearm by a convicted felon. (*See* Pl.'s

Compl. [1-1]; Def.'s Mot. [47-1] Summ. J.) Fraise was sentenced as a habitual offender to life imprisonment on each count. (*See* Ex. "3" Attach. Def.'s Mot. [47-4] Summ. J.)

On November 7, 2008, Fraise filed the current § 1983 action naming as Defendants Holly Krantz, Charles Esque, and Thomas Clark. Fraise filed a voluntary motion to dismiss on June 5, 2009 seeking the dismissal of Defendants Krantz and Esque. (*See* Pl.'s Mot. [25-1].) This Court granted Fraise's motion and on February 2, 2010 dismissed Defendants Krantz and Esque from the instant action. (*See* Order [36].) Therefore, the only remaining defendant in the instant civil action is Thomas Clark.

Fraise alleges that on or about September 26 and 27, 2006, while he was at work, Defendant Clark unlawfully searched his apartment and seized his personal property - in particular, photographs, two hundred and sixty U.S. dollars ($260.00), clothing items, a computer, phone records, business checks, and other miscellaneous papers. (Pl.'s Compl. [1-1] 2.) Plaintiff claims said items "[have] been used in criminal proceedings in Pearl River County Circuit Court... and will be further used in future criminal proceedings." *Id.* Plaintiff seeks the return of the items. Defendant Clark filed the present motion for summary judgment alleging that the items were introduced into evidence at Fraise's criminal trial and are currently in the possession of the Pearl River County Circuit Clerk. (Def.'s Mot. [47-1] Summ. J. 4.) Defendant Clark alleges that since Fraise's conviction was affirmed on appeal, his present claims are either moot or not ripe for adjudication.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary

judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839

F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level

employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *See Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (stating that these two requirements "must not be diluted").

## **ANALYSIS**

The Court notes that although Defendant Clark frames his argument for summary judgment based on mootness, this Court finds that Fraise's claim is appropriately analyzed under the Supreme Court's ruling in *Heck*. A prisoner cannot, by way of a § 1983 action, challenge the fact or duration of his confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 487(1973). Whether Fraise seeks to recover damages, a declaratory judgment, or injunctive relief for the alleged violation of his Fourth Amendment rights, the Court finds that his § 1983 claim is barred by the Supreme Court's ruling in

*Heck. Reger v. Walker*, 321 Fed.Appx. 624, 625 (5th Cir. 2009)[1] (citing *Heck*, 512 U.S. at 486.); *see also Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002) (*Heck* rule applies to injunctive as well as monetary relief.) The Supreme Court held, in *Heck*, that:

> in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. (emphasis added).

A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by the plaintiffs on convictions that are "still outstanding." *Id.* ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, ...").

The maturity of a section 1983 claim therefore depends on "whether a judgment in [the plaintiff's] favor ... would necessarily imply the invalidity of his conviction." *Id.*; *see also Wells v.*

---

[1] Though *Reger* is unpublished and thus not binding, it is persuasive. An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority. 5th Cir. R. 47.5.4

*Bonner*, 45 F.3d 90, 94 (1995). The Court noted, however, that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n. 7. This is true "[b]ecause of doctrines such as independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Id*. (citations omitted). "The threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).

In the present case, Fraise alleges that while he was at work his apartment was illegally searched without probable cause or a warrant. (Pl.'s Compl. [1-1] 1-2.) Fraise claims that several items of his personal property were seized during this illegal search in violation of his Fourth Amendment rights. *Id.* Fraise asserts that these items were used in criminal proceedings against him and will be used in further criminal proceedings. *Id.* Fraise seeks to have the property returned to him and all further relief the Court deems proper. *Id.* at 3.

The Pit Stop, a convenience store, inside the city limits of Picayune, Mississippi was the subject of an armed robbery on September 25, 2006. (*See* Ex. "1" Attach. Def.'s Mot. [47-2] Summ. J.) The suspect was seen leaving in a red Oldsmobile, which was later identified as belonging to Fraise. *Id.* The red Oldsmobile was found parked in Fraise's apartment complex and was positively identified as the vehicle fleeing the scene of the robbery and belonging to Fraise. *Id.* On or about September 26, 2006, Fraise's apartment was searched and clothing items matching the description of those worn by the robber were recovered, as well as a photograph of Fraise holding a handgun identical to that used in the robbery, phone records, and money consistent with the denominations taken from the Pit Stop. *Id.* On March 22, 2007, Fraise was arrested in the state of California and

returned to Pearl River County, Mississippi. *Id.* After a two day trial, on July 13, 2007, Fraise was found guilty of armed robbery and possession of a weapon by a convicted felon. *Id.* The Court notes that the items recovered from the search of Fraise's apartment were used as evidence in the trial to convict Fraise. (*See* Ex. "2" Attach. Def.'s Mot. [47-3] Summ. J.)

Following his convictions, Fraise was sentenced as a habitual offender to life imprisonment on each count, with the sentences to run consecutively. (*See* Ex. "3" Attach. Def.'s Mot. [47-4] Summ. J.) On September 13, 2007, Fraise appealed his convictions and sentences to the Mississippi Supreme Court. (*See* Exs. "1," "2" Attach. Def.'s Mot. [47-2, 47-3] Summ. J.) The Mississippi Court of Appeals affirmed Fraise's convictions and sentence on March 31, 2009. *See Fraise v. State of Mississippi*, 17 So.3d 160 (Miss.Ct.App. 2009). On March 9, 2010, Fraise filed an Application for Leave to Proceed in the Trial Court on post conviction proceedings. (*See* Ex. "5" Attach. Def.'s Mot. [47-6] Summ. J.) Fraise's application was denied by the Mississippi Supreme Court on May 4, 2010. *Id.* Fraise filed the present 1983 action on November 7, 2008, before his convictions and sentences were affirmed on appeal

In response to an Order by this Court, Fraise claims that his "complaint is not a challenge of his conviction... that resulted from the search and seizure," but is a claim for a declaratory judgment that his Fourth Amendment rights were violated. (Pl.'s Resp. [10-1] Order 2-3.) Regardless of Fraise's contention, if his claim, whether for damages, declaratory relief, or injunctive relief, implies the invalidity of his conviction and he has not shown his conviction to have been overturned or otherwise declared invalid, then his claim is not cognizable in a Section 1983 action. *See Heck*, 512 U.S. at 486; *see also Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Kutzner*, 303 F.3d at 340-41.

After reviewing the record and all the evidence, the Court finds that Fraise's claim that his

apartment was subjected to an unreasonable search and seizure in violation of his Fourth Amendment rights is so intertwined with his criminal conviction, that a favorable ruling would imply the invalidity of his conviction. After Fraise's car was identified as being the one that fled the scene of an armed robbery, his apartment was searched. *See Fraise*, 17 So.3d at 162-67. Inside his apartment, several articles of clothing were found that matched those worn by the armed robbery suspect. *Id.* Also, police found money consistent with the denominations taken from the Pit Stop and a photograph of Fraise holding a handgun identical to the one used in the armed robbery. *Id.* Further, police obtained phone records that led them to Fraise's girlfriend who they questioned about Fraise's whereabouts. *Id.* The items obtained from Fraise's apartment were admitted into evidence and used at trial to convict Fraise of armed robbery and possession of a weapon by a convicted felon. *Id.* The Court finds that a ruling from this Court that Fraise's constitutional rights were violated by the search of his apartment and seizure of his property, would suggest that evidence used at his criminal trial was obtained unlawfully and thus would imply that his conviction is invalid. Moreover, there is no evidence to suggest that doctrines such as independent source, inevitable discovery or harmless error would permit the introduction of the items seized as evidence in this case. Therefore, because a judgment in favor of Fraise would necessarily imply the invalidity of his conviction, *Heck* bars this unlawful search and seizure claim.

Furthermore, there is no evidence, nor did Fraise allege, that his criminal conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. To the contrary, Fraise's conviction was affirmed on appeal. Also, Fraise admits that his conviction has not been reversed, expunged, declared invalid, or called into question by a federal court. (Pl.'s Resp. [9-1] Order 1.)

The Court notes that Fraise accedes to the Defendant's claim that his section 1983 suit should be dismissed. Instead of filing a response in opposition to Defendant's summary judgment motion, Fraise filed a voluntary Motion to Withdraw this Civil Action. (*See* Mot. [56-1].) Fraise requests that the Court dismiss this section 1983 suit, and he notes that in so doing he reserves the right to have a court rule on the legality of the search and seizure in any future litigation. *Id.* Therefore, after reviewing the record and considering all the evidence, the Court finds that a judgment in favor of Fraise would imply the invalidity of his convictions, which have not been reversed, expunged, declared invalid, or called into question by a federal habeas corpus proceeding. *Heck*, 512 U.S. at 486-87; *see also Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998). Thus, Plaintiff's unlawful search and seizure claim is barred by *Heck*.

## **RECOMMENDATION**

Based on the forgoing analysis, this Court is of the opinion that Fraise's Complaint, when considered in conjunction with all subsequent pleadings, fails to state a claim upon which relief can be granted. As pleaded, Fraise's § 1983 action is barred by the holding in *Heck v. Humphrey, supra*. Accordingly, this Court recommends that Defendant's Motion [47-1] for Summary Judgment should be granted and Plaintiff's Motion [56-1] to Withdraw this Civil Action should be granted. The Fifth Circuit has stated that the "preferred order of dismissal," under *Heck,* dismisses barred claims "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Therefore, this Court recommends that all claims against the Defendant should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with

a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS, the   11th   day of August, 2010.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE