IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAEL FRAISE                                                                                    PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:08cv1390HSO-JMR

HOLLY KRANTZ, CHARLES ESQUE
AND THOMAS CLARK                                                                          DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [57] of Chief United States Magistrate Judge John M. Roper, recommending that the Motion [47] of Defendant Thomas Clark for Summary Judgment, and the Motion [56] of Plaintiff Jael Fraise to Withdraw this Civil Action, be granted, and that all claims against Defendant should be dismissed with prejudice until the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), are met.  No party has filed objections to the Magistrate Judge's Report and Recommendation.  Where a party fails to file specific objections to a magistrate judge's report and recommendation, the district court reviews the report and recommendation for findings and conclusions that are clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

I. BACKGROUND

Plaintiff filed his *pro se* Complaint pursuant to 42 U.S.C. § 1983, against Defendants Holly Krantz, Charles Esque, and Thomas Clark, for the violation of his constitutional rights stemming from Defendants' alleged wrongful and illegal search and seizure of property from his apartment on September 26, 2006.  Pl.'s

Compl. at pp. 1-2. Plaintiff's claims against Defendants Holly Krantz and Charles Esque were voluntarily dismissed on February 2, 2010, upon Motion [25] by Plaintiff. Ct. Order [36]. Thomas Clark, the sole remaining Defendant in this lawsuit, moves for summary judgment on grounds that Plaintiff's claims are either moot or not ripe for adjudication, such that this Court lacks subject matter jurisdiction. Def.'s Mem. in Supp. of Mot. [47] at p. 8. In lieu of filing a Response to Defendant's Motion, Plaintiff has filed a voluntary Motion to Withdraw this Civil Action. *See* Mot. [56].

## II. DISCUSSION

The Magistrate Judge found that although Defendant based his summary judgment argument on mootness, Plaintiff's claims are more appropriately analyzed under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to Heck, a § 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Here, the items seized from Plaintiff's apartment were used as evidence in the trial to convict Plaintiff of the charges of armed robbery and possession of a weapon by a convicted felon. *See* Exs. "2" and "3", attached to Def.'s Mot.; *see also* Pl.'s Compl. at p. 2 ("[t]his property has not been returned has been used in

criminal proceedings in Pearl River County Circuit Court on July 12th and 13th, 2007 and will be further used in future criminal proceedings."). The Magistrate Judge found that "a ruling from this Court that Fraise's constitutional rights were violated by the search of his apartment and seizure of his property, would suggest that evidence used at his criminal trial was obtained unlawfully and thus would imply that his conviction is invalid." Rep. and Rec. at p. 9. Plaintiff has admitted that his "conviction has not been reversed, expunged, declared invalid, nor called into question by any federal court." Pl.'s Resp. to Order [9]. The record reflects that, to the contrary, Plaintiff's conviction was affirmed on appeal. *See* Ex. "1", attached to Def.'s Mot.

No objections having been filed, and based on a full review of the record before this Court, the undersigned finds that the Magistrate Judge's findings were neither clearly erroneous, nor were his conclusions contrary to law. After referral of hearing by this Court, and having fully reviewed the Report and Recommendation [57], the relevant law, and the record in this matter, and being fully advised in the premises, the Court finds that the Report and Recommendation [57] of Chief Magistrate Judge John M. Roper, should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [57] of Chief Magistrate Judge John M. Roper should be and hereby is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [47] of Defendant Thomas Clark for Summary Judgment, should be, and hereby is,

**GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [56] of Plaintiff Jael Fraise to Withdraw this Civil Action, should be, and hereby is, **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the claims against Defendant Thomas Clark are dismissed with prejudice until the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), are met.  A separate Final Judgment will be entered.

**SO ORDERED AND ADJUDGED**, this the 8th day of November, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE